COPELAND v. OKLAHOMA EMPLOYMENT SEC. COM. et al.

No. 32104.   April 23, 1946.

Rehearing Denied Sept. 17, 1946.

*172 P. 2d 420.*

W. L. Johnson, of Chandler, for plaintiff in error.

Burton Duncan, Chief Atty., and Gerald S. Tebbe, Asst. Atty., both of Oklahoma City, for defendants in error.

RILEY, J.   This is an action to review a decision of the Oklahoma Employment Security Commission and the Board of Review denying plaintiff's claim for benefits under the Oklahoma Employment Security Act, ch. 6, Title 40, O.S. 1941.   The court sustained the order of the Board of Review denying the claim, and plaintiff appeals.

Claimant is a married man, about 63 years of age, and resides, with his wife and two children, at Meeker, Okla., a town of about 500 population.   He filed his claim with the commission December 2, 1943.   The claim, among other things, states:

"Claimant also states that he contacted the labor union in Okla. City

and that there was jobs open but they worked from 8 a.m. to 5 p.m. and that he was unable to secure a ride or obtain transportation from Meeker, Okla., to Okla. City and work during those hours.

"Claimant states he is able and available for work and has a Statement of Availability from the U. S. Engineers. Claimant states he has no transportation of his own and he has never driven an automobile."

Claimant was found eligible for compensation for 16 weeks at $16 per week. January 4, 1944, the commission redetermined the claim and found that claimant had been unemployed since October 20, 1943, and that he was registered with the U. S. Employment Service as a laborer; that on December 30, 1943, claimant was offered a "referral" to a job at Norman, Okla., at 65c per hour with transportation paid from Shawnee to Norman; that claimant refused the referral, stating that the job was too far from Meeker and he had no transportation. Continued claim for week ending December 25, 1943, and subsequent claims were disallowed.

Claimant appealed to the appeal tribunal, where the order of the commission was affirmed. He then appealed to the Board of Review. The Board of Review found that claimant was not available for work and denied the claim. Thereupon, claimant commenced this action in the district court of Lincoln county, under subd. 7, sec. 216, Title 40, O.S. 1941.

After issues were joined, the court, upon application of claimant, remanded the cause to the Board of Review to take additional evidence covering the matter of the purported "referral" of a job at Norman, and all other matters having a bearing on the subject matter of the action, authorized the board, after hearing such additional evidence, to modify its findings of fact and conclusions, and directed the Board of Review to file such additional or modified findings and conclusions together with a transcript of the additional record.

Additional evidence was taken before the Board of Review and that board made certain additional findings but reaffirmed its former findings that claimant was not available for work, reaffirmed its order denying the claim, and certified the additional findings and its order back to the court.

Section 214, Title 40, O.S. 1941, sets forth the conditions under which an unemployed individual shall be eligible to receive benefits under the act, under subdivisions (a) to (e), inclusive. The record discloses, and it is conceded, that claimant met all the requirements except that provision in subdivision (c), which states that the claimant must be able to work and be available for work. The record clearly shows that claimant was able to work. Therefore, the only question in this case is whether under the record he has shown himself to be "available for work" within the meaning of said act.

The rule in an action of this nature is that the burden of proof to establish a claimant's right to benefits under the Employment Security Act rests upon the claimant. Queener v. Magnet Mills, 179 Tenn. 416, 167 S.W. 2d 1; S. S. Kresge Co. v. Unemployment Commission, 349 Mo. 590, 167 S.W. 2d 838; Haynes v. Unemployment Commission, 353 Mo. 540, 183 S.W. 2d 77.

In the latter case, it is said:

". . . We think it is apparent that the burden of proof to establish a claimant's right to benefits under the Unemployment Compensation Law rests upon the claimant. Queener v. Magnet Mills, 179 Tenn. 416, 167 S.W. 2d 1. An unemployed individual is eligible to receive benefits only if the commission finds that the required conditions have been met. The claimant assumes the risk of non-persuasion and we think the general rule applicable to ordinary court proceedings applies. 'The burden of proof, meaning the obligation to establish the truth of the claim by preponderance of the evidence, rests throughout upon the party asserting the affirmative of the issue . . . This

burden of proof never shifts during the course of the trial'."

Subd. (d) (7), sec. 216, supra, provides that:

"In any proceeding under this Subsection the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law. No additional evidence shall be received by the court but the court may order additional evidence to be taken before the Board of Review, and the Board may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with the transcript of the additional record with the court."

We deem it unnecessary to review the evidence in detail. The record conclusively shows that claimant resides, and has for seven or eight years resided, in the town of Meeker, Okla.; that there was no opportunity for employment in said town or its immediate vicinity; that claimant earned his employment credits at and in the vicinity of the Douglas Aircraft Company plant, about ten or eleven miles east of Oklahoma City and about 35 miles from Meeker, and other employment in that vicinity; that other than said plant and the Oklahoma City Air Depot nearby, there was no market for labor for one residing in the town of Meeker nearer than Chandler, or Shawnee, each about 16 miles from Meeker, and Oklahoma City, about 45 miles from Meeker.

Claimant's application and his own evidence conclusively show that he contacted the labor union of which he was a member, in Oklahoma City, and that "There was jobs open but they worked from 8 a.m. to 5 p.m. and that he was unable to secure a ride or obtain transportation from Meeker, Okla., to Oklahoma City and work during those hours," and that he had no transportation of his own and that he had never driven an automobile. The record further discloses that there was no

transportation between Meeker and Chandler, or Meeker and Shawnee, and that the only place of employment to which transportation was available to claimant was the Douglas Plant, and that claimant was not available for work at that place because of age requirements.

Claimant apparently takes the position that he was available for work at all times after October 20, 1943, and that the commission and Board of Review seek to disqualify him under subd. (c), sec. 215, Title 40, O.S. 1941, which provides that an individual shall be disqualified "If he has failed without good cause to . . . to . . . accept, if offered, available, suitable work when so directed by the employment office or the commission."

In this connection the appeal tribunal did find that claimant was referred to work as a laborer at a naval depot at "Z" (Norman, Oklahoma), about 65 miles from his home; that he declined the "referral" because of no transportation facilities and that he would be unwilling or financially unable to move nearer the work. Claimant asserts that the record shows that the so-called "referral" was not issued; that the commission did issue a placement route slip marked with an "X" opposite the words "could not refer because—" and that no reason therefor was given. The record as made is "X could not refer—because job at Norman but too far from home in Meeker and no transportation available." However, the finding was not that claimant was disqualified by reason of his refusal to accept the work at Norman. The finding was that "viewing all the conditions revealed by the evidence, it is our finding that with respect to the week ending 12-25-43 and thereafter, claimant was not available for work." The finding of the appeal tribunal that claimant was referred to a job at Norman is not sustained by the evidence. The Board of Review made no such finding.

The position of defendants is that an

individual residing in a locality which offers no opportunities for seeking work and is unable to leave that locality to accept work elsewhere is not available for employment as required by the Oklahoma Employment Security Act.

In a proceeding of this nature, the general rule appears to be that the burden of proof to establish a claimant's rights to benefits rests upon the claimant. An unemployed individual is eligible to receive benefits only if the commission finds that the required conditions have been met. The claimant assumes the risk of nonpersuasion and the rule applicable to ordinary court proceedings applies. Haynes v. Unemployment Commission, supra; Queener v. Magnet Mills, supra. Eligibility for receipt of benefits bears no relation to the needs of the claimant or the degree of calamity which he has suffered. The financial circumstances surrounding the unemployed worker are not mentioned as factors, however unfortunate or unfavorable they may be. Judson Mills, Inc., v. So. Carolina Unemployment Compensation Commission, 204 S.C. 37, 28 S.E. 2d 535.

Where there is no duty resting upon the employer, from custom or contract, express or implied, to furnish means of transportation to his employee to and from work, the burden is cast upon the employee to provide himself with such transportation. When he has this burden and is unable to provide himself with such transportation, even through no fault of his own, he is not available for work. Carwood Mfg. Co. v. Huiett, U.C.I.S. 8417, Ga. Ct. D. Ben. Ser., vol. 7, No. 3, Mar. 1944, p. 22.

In a case of this character, a finding of the commission or Board of Review that a claimant was not available for work and an order denying benefits need not be supported by affirmative, substantial evidence tending to show that claimant was not available for work, because the burden is upon the claimant to show prima facie that he is entitled to the benefits claimed. Haynes v. Unemployment Commission, supra.

If a claimant's circumstances are such that he cannot accept any work whatever because he is not available for work within the meaning of the act (sec. 4(c) Miss. Unemployment Compensation Law) and where the claimant has definitely stated that he could not accept work because of his lack of transportation, he does not meet the requirements of the law. 8310 Miss. Ben. Series, vol. 7, No. 1.

The general rule seems to be that where a claimant lives in a locality in which there are no prospects of obtaining employment, and remote to the point of impossibility to obtain transportation to a job, a finding that claimant is not available for work within the meaning of the law must be sustained.

From claimant's own claims and his own evidence, he failed, under the above rules, to show that he was "available for work" within the meaning of the act.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.