Stewart, J.
 

 The unemployment-compensation statutes are Sections 1345-1 to 1346-5, inclusive, General Code. No question is made in these cases that claimants failed to comply with all the procedural requirements with reference to their claims for unemployment compensation. The decisions of the administrator, the referee and the board of review were based on the proposition that neither claimant was available for work within the meaning of the law, and the solution of that question must govern our decisions.
 

 Neither the Common Pleas Court nor the Court of Appeals wrote opinions in these cases so we do not have the benefit of their reasoning.
 

 The law which is applicable to these cases is found in Section 1345-6, General Code, which in part is as follows: ,
 

 “a. No individual shall be entitled to any benefits unless he or she
 

 ° * # * * *
 

 “(4) is able to work and available for work in his usual trade or occupation, or in any other trade or occupation for which he is reasonably fitted; and
 

 “(5) is unable to obtain work, in his usual trade
 
 *618
 
 or occupation or any other employment for which he is reasonably fitted including employments' not subject to this act.
 

 * # & & 8$
 

 “d. Notwithstanding the provisions of subsection (a) of this section, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the administrator finds that such individual:
 

 *****
 

 “(2) has refused to accept an offer of -work for which he is reasonably fitted * * *;
 

 & * # ^ *
 

 “e. No individual otherwise qualified to receive benefits shall lose the right to benefits by reason of a refusal to accept new work if: •
 

 *
 
 # # ' ® *
 

 “(3) The work is at an unreasonable distance from his residence, having regard to the- character of the work he has been accustomed to do, and travel to the place of work, involves expenses substantially greater than that required for Ms former work, unless the expense be provided for; or
 

 “ (4) The remuneration, hours, or other conditions of the work offered are substantially less favorable than those prevailing for similar work in the-locality.”
 

 There is no-dispute in these cases that both claimants were referred to work shortly after filing their ■ claims for. unemployment compensation. The only reason that either of them gave for declining the referral was the lack of adequate transportation. The board of review maintains that, since rthese referrals were declined, claimants are not available for work and, therefore, are not entitled to unemployment benefits. On the other hand, claimants maintain they were justified in refusing the referrals for the reason that the work to which they were referred was unreason
 
 *619
 
 ¡able distances from their residences, having regard to the character of the work they had been accustomed "to perform, and that travel to the places of work involved expenses substantially greater than those required for their former work. They maintain further that the remuneration, hours, and other conditions of work offered them were substantially less favorable than those .prevailing for similar work in the locality.
 

 When claimants were working at a war plant in 'Toledo, they had arrangements for transportation which enabled them to expeditiously go to and from their work and, concededly, they received much larger hourly compensation than was offered them in the ■new employment to which they were referred. After the war work they were doing ceased, the transportation arrangements likewise came to an end, and it is argued that, due to the nature of the bus service between Walbridge and Toledo, it would require Kontner to spend more than five and one-half hours •each day in travel time to and from the referral job, and that Vasko would have to spend two and one-half hours travel each way.
 

 It is maintained by claimants that the board of review has consistently held that one and one-half hours is not an unreasonable time to travel to work, but b’eyond that, for the ordinary case, it is considered to be unreasonable, and that, therefore, the referral work is at unreasonable distances from the residences •of claimants and travel to the places of work involves •expenses substantially greater than that required for former work. They also maintain that, because the referral work paid less per hour and differed from their former work, the referral work was substantially less favorable as to the remuneration, hours and other conditions than similar work in the locality.
 

 
 *620
 
 In deciding the merits of the contentions of the board and of the claimants, certain facts must be taken into consideration. Claimants at all times concerned have resided in Walbridge, which is a small village without opportunity for industrial work. They worked on war jobs in Toledo where their unemployment credits were established. They made provisions for their own transportation, but when they lost their employment, they lost their transportation. They now maintain that because of lack of transportation they were justified in refusing referrals to work in the same city where they formerly worked. If they had been working in Walbridge, had been separated from their employment and had then been referred to Work in Toledo, which they could not accept because of lack of transportation, there would be merit in their claims that they come under Section 1345-6 e (3), General Code, but such is not. the case.
 

 Claimants had been working in Toledo about two years, had provided for their own transportation from a noni'ndustrial community, had built up their unemployment credits in Toledo, and now refuse referral work there because of the transportation problem. Are their positions justified? We think not.
 

 There is no obligation upon either the Bureau of Unemployment Compensation or an employer to furnish transportation in the absence, as there is in this case, of an agreement or custom to do so. If a person resides in a nonindustrial area and has no means of transportation to an industrial area, he cannot be ' said to be in the labor market, and the unemployment compensation fund has not been built up for his benefit. The purpose of the act is to build up a fund to benefit workingmen and their families who, because of adverse business and industrial conditions
 
 *621
 
 which cause unemployment, need temporary economic relief. See
 
 Baker
 
 v.
 
 Powhatan Mining Co.,
 
 146 Ohio St., 600, 67 N. E. (2d), 714.
 

 When, therefore, a person has been working in an industrial city while residing in a nonindustrial village and furnished his own transportation, and thereafter loses his job and cannot take another in that same industrial city because he has also lost his transporta! tion, it would seem obvious that he is not “available for work” when he refuses a referral to employment in the industrial city where he formerly worked.
 

 The Supreme Court of Oklahoma ha's held that “where there is no duty resting upon the employer, from custom or contract, expressed or implied, to furnish means of transportation to his employee to and from work, the burden is cast upon the employee to provide himself with such transportation. When he has this burden and is unable to provide himself with such transportation, even through no fault of his own, he is not available for work-” See
 
 Copeland
 
 v.
 
 Oklahoma Employment Security Comm.,
 
 197 Okla., 429, 172 P. (2d), 420, and
 
 Jacobs
 
 v.
 
 Office of Unemployment Compensation & Placement,
 
 - Wash., —, 179 P. (2d), 707.
 

 Claimants maintain that the remuneration, hours or other conditions of work offered were substantially less than those prevailing for similar work in the-locality, and that, therefore, they were justified in refusing the referrals. Their arguments are that they were earning 90 cents per hour while employed by the Libbey-Owens-Ford Glass Company as assemblers for war work, and that the employment to which Kontner was referred paid but 53 cents per hour as assembler, while Vasko was referred to employment as a presser in a laundry paying between 50 and 60* cents per hour.
 

 
 *622
 
 It is true that the referral work paid considerably less than the former work of claimants, but the statute does not require the remuneration, hours or other conditions of work to be as favorable as the former work in order to justify a refusal of a referral. The remuneration, hours or other conditions of work offered are not to be substantially less favorable than those prevailing for similar work in the locality, that is, work similar to that which is offered.
 

 Although it is argued in claimants’ brief that the remuneration is less than the prevailing rates for similar work in Toledo, there is not a word of evidence in the records to substantiate that, and this court is bound by what is contained in the records. We cannot take judicial notice of rates of remuneration, hours, or other conditions of work. The burden of proof to establish a claimant’s rights to benefits under the unemployment compensation law rests upon the claimant.
 
 Jacobs
 
 v.
 
 Office of Unemployment Compensation &
 
 Placement,
 
 supra.
 

 In the absence of any evidence in the records that the remuneration, hours or other conditions of the work to which claimants were referred were not substantially less favorable than those prevailing for similar work in the locality, and in the absence of any evidence that claimants were not reasonably fitted for the referral employment, we must hold that the contentions of claimants with reference to these matters are not' sustained.
 

 Although no claimant for unemployment benefits should be denied them if by the provisions of the law such benefits can be granted, yet, unless a claimant ■comes within the provisions of the law, he must not be allowed to dissipate the fund and prostitute the beneficent purposes for which it was established, namely, compensation to a working man or woman ■who has lost his work and cannot, secure other.
 

 
 *623
 
 This court, in the case of
 
 Leonard
 
 v.
 
 Unemployment Compensation Board of Review, ante,
 
 419, held that under the Ohio Unemployment Compensation Act there is no hard and fast rule as to what constitutes availability for work, and that availability under the act depends in part on the facts and circumstances in each case. In the
 
 Leonard case,
 
 the court held that the claimant therein, although she had moved approximately 25 miles from Toledo after being separated from her work there, was entitled to' unemployment compensation, but in that case claimant had arranged for adequate transportation facilities from her home to Toledo, enabling her to work from 8:30 a. m. to 5:00 p. m. ■
 

 A fact of the utmost importance, which distinguishes the
 
 Leonard case
 
 from the present cases, is that it was not established that Claimant Leonard had ever received a referral or «offer of work and so it could not be known whether - she would have refused a referral.
 

 For the reasons given, the judgments of the Court of Appeals are reversed, and the decisions of the Unemployment Compensation Board of Review are affirmed.
 

 Judgments
 
 reversed.
 

 Wbygandt, C. J., Turner, Matthias and Hart, JJ., concur.
 

 Sohngen, J., dissents.
 

 Zimmerman, J., not participating.