Cheshire,
No. 4940.

GRACE D. PUTNAM

*v.*

NEW HAMPSHIRE DEPARTMENT OF EMPLOYMENT SECURITY *& a.*

Argued November 7, 1961.

Decided November 30, 1961.

496

*William D. Tribble* and *David J. KillKelley* (*Mr. KillKelley* orally), for the plaintiff.

*James M. Riley, Jr.* and *Edward F. Smith* (*Mr. Riley* orally), for the defendant Department of Employment Security.

*Sulloway, Hollis, Godfrey & Soden* (*Mr. Godfrey* orally), for the defendant Sylvania Electric Products, Inc.

KENISON, C. J.   The issue in this case is whether the Department of Employment Security was justified in ruling that the plaintiff employee was disqualified to receive unemployment compensation benefits because she voluntarily left her employment due to lack of transportation from her home to her place of employment.   The employee emphasizes that she left her employment in good faith and without fault on her part, and therefore her termination of employment was in effect involuntary rather than voluntary.   This argument may have merit in theory and has been approved under the provisions of some unemployment compensation acts.   Kempfer, Disqualifications for Voluntary Leaving and Misconduct, 55 Yale L. J. 147, 155 (1945).   However, we are necessarily limited in our review of this decision by the provisions of the Unemployment Compensation Law of this state and the regulations promulgated thereunder which are more strict than exist in other jurisdictions.

RSA 282:4 A (supp) provides that an employee is disqualified for benefits for a stated period if he "has left his work voluntarily without good cause in accordance with the rules and regulations of the director."   If the statute merely provided that the disqualification was limited to the situation where the employee left her work voluntarily without good cause she might well be entitled to prevail in this situation.   See Mass. G. L. Ann. ch. 151A, s. 25(e), as amended by Laws 1958, c. 677, which changed the phrase "without good cause attributable to the employing unit" to "without good cause."   See 5 Annual Survey of Mass. Law 166, 167 (1958).   But as was pointed out in *Nashua Corporation* v. *Brown*, 99 N. H. 205, the regulation is an integral part of the statute and restricts the scope of the statute.   The regulation by its terms states that a "voluntary quit" without good cause exists when the employment is terminated for a reason "which is not attributable to the employer."   *Nashua Corporation* v. *Brown, supra*, 207.

The loss of the plaintiff employee's transportation in this case may be considered a good personal cause for leaving but it cannot be considered a cause that is connected with or attributable to the employer.   *Kontner* v. *Unemployment Comp. Bd. of Review*, 148 Ohio St. 614; Teple, Disqualification: Discharge for Misconduct and Voluntary Quit, 10 Ohio St. L. J. 191, 204 (1949).   In the absence of contract, custom or a collective bargaining agreement imposing an obligation of transportation on the employer, transportation is usually considered a problem of the employee.   It is his responsibility in order to make himself attached to the labor

market. *Copeland* v. *Oklahoma Employment Sec. Commission*, 197 Okla. 429. *Zupancic Unemployment Compensation Case*, 186 Pa. Super. 252.

The employee's loss of transportation which resulted in the employee leaving her work was a reason which was not attributable to the employer under the statute (RSA 282:4 A (supp) ) and regulation 21 duly promulgated thereunder. Under such a statute and regulation the loss of transportation does not constitute good cause for the employee to terminate her employment. *Nordhoff* v. *Rev. Bd. of Ind. Emp. Sec. Div.*, 129 Ind. App. 378; *Davidson Unemployment Compensation Case*, 189 Pa. Super. 543; Sanders, Disqualification for Unemployment Insurance, 8 Vand. L. Rev. 307, 331 (1955). Accordingly the decision of the Appeal Tribunal of the Department of Employment Security is affirmed and the order is

*Appeal dismissed.*

All concurred.