40155. HUIET, Commissioner v. WALLACE.

DECIDED JULY 15, 1963.

*Otis L. Hathcock,* for plaintiff in error.

*James W. Paris,* contra.

*Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, Theodore M. Forbes, Jr., Harold N. Hill, Jr.,* amicus curiae.

BELL, Judge. The questions presented for decision in this case are, (1) whether the evidence supported the findings of fact of the board of review, and (2) whether the decision of the board of review based on the facts as found was proper under the law.

■ The material facts found by the board and necessary to their decision were: that claimant lives in Winder; she had worked in a garment factory in Braselton, Georgia, as a trimmer when she became unemployed; Braselton is 8 or 9 miles from

Winder; she was offered employment at Statham, Georgia, in a garment factory which is a distance of 8 miles from Winder. She refused this offer for the reason that she had no transportation to Statham. The claimant had sought work only in Winder and in Braselton but did go to Statham after receiving a job referral card.

The testimony of the claimant herself amply supports these findings of fact.

Pertinently, *Code Ann.* § 54-619 provides that: "In any judicial proceeding under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."

Thus, by the clear mandate of the statute itself, the findings of fact made by the board of review, if supported by the evidence, are conclusive and binding upon us. The recognition of mandates such as this involving administrative agencies or quasi-judicial bodies has long been the accepted policy of our appellate courts. E.g., *Dalton Brick &c. Co. v. Huiet,* 102 Ga. App. 221, 224, 225 (115 SE2d 748).

■ From its findings of fact the board of review determined and decided that the claimant had restricted her availability for work to Winder and Braselton because of lack of transportation to other work areas and failed to show availability and unrestricted search for work.

Thus, there is squarely presented the basic question as to whether the lack of transportation to another site where work is available is sufficient under the Employment Security Law, *Code Ch.* 54-6, to authorize the Board of Review of the Employment Security Agency to decide that the claimant who has not changed her residence is not available for work, and thus is not eligible to receive unemployment compensation benefits.

The question here is one involving "eligibility" under *Code Ann.* § 54-609 and not "disqualification" under *Code Ann.* § 54-610.

The petinent portions of *Code Ann.* § 54-609 read as follows: "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commissioner finds that:

. . . ▇ He is able to work, and is available for work, and has actively and in good faith sought employment, and is actively and in good faith seeking employment, and is bona fide in the labor market."

The research of counsel and of the court has uncovered only one judicial decision in this State covering the precise point with which we are here concerned. This judicial decision, Carwood Manufacturing Co. v. Huiet, was authored by the late Judge Clifford Pratt of the Piedmont Judicial Circuit and was written by him in his capacity as Judge of the Superior Court of Barrow County, Georgia. While the decisions of the superior courts of our State are infrequently written, they are even more seldom published as there is no official reporter system for their decisions. Notwithstanding this, however, Judge Pratt's decision has been widely annotated by such leading authority as Commerce Clearing House, see CCH, Unemployment Insurance Reporter, Vol. 3, Ga., ¶ 1950.28; and The Unemployment Compensation Interpretation Service, Benefit Series, see Vol. 7, No. 3, Mar. 1944, p. 22; and see Mohler v. Dept. of Labor, 409 Ill. 79 (97 NE2d 762, 24 ALR2d 1393).

In Benefit Series, Vol. 7, p. 22, the text of Judge Pratt's decision is published in full. In holding that the claimant was not available for work within the meaning of the Georgia law, Judge Pratt stated that: "Where there is no duty resting on the employer from custom or contract, expressed or implied, to furnish means of transportation to his employee to and from work the burden is cast on the employee to provide himself with such transportation. When he has this burden and is unable to provide himself with such transportation, even through no fault of his own, and the employer offers suitable employment, the employee is not available for work."

This principle, apparently first enunciated by Judge Pratt, was cited with approval and followed by the Supreme Court of Oklahoma in Copeland v. Okla. Employment Security Commission, 197 Okla. 429 (172 P2d 420 (5, 6)), and by the Supreme Court of Washington in Jacobs v. Office of Unemployment Compensation and Placement, 27 Wash.2d 641 (179 P2d 707, 717). Both the Copeland and Jacobs cases are leading authorities in the

field of unemployment compensation, being frequently cited on this and other points. See the decision of the Supreme Court of Ohio in Kontner v. Unemployment Compensation Board of Review, 148 Ohio 614 (76 NE2d 611, 615), where that court quoted Copeland with approval (in practically Judge Pratt's own words) that "Where there is no duty resting upon the employer, from custom or contract, expressed or implied, to furnish means of transportation to his employee to and from work, the burden is cast upon the employee to provide himself with such transportation. When he has this burden and is unable to provide himself with such transportation, even through no fault of his own, he is not available for work." Accord Putnam v. Dept. of Employment Security, 103 N.H. 495 (175 A2d 519, 520) (Supreme Court of N. H.) ; Mohler v. Dept. of Labor, 409 Ill. 79, supra (Supreme Court of Illinois) ; and Morgan v. Board of Review, 77 N. J. Super. 209 (185 A2d 870). Also generally in accord are the boards of review or similar tribunals and the administrative bodies of the various jurisdictions. See CCH, Unemployment Insurance Reporter, ¶ 1950 for the several jurisdictions.

Although *Code Ann.* § 54-609 does not include a provision, as does *Code Ann.* § 54-610, to the effect that the commissioner may consider "the distance of the available work from [the claimant's] residence," we think a factual consideration of this factor is necessarily suggested in every determination of the worker's "availability for work" when the lack of transportation is involved. That the board of review did consider this factor here is shown by its finding of fact that Statham, Georgia, where she was offered work which she refused, is only 8 miles from the place of her residence while she had last worked at Braselton, Georgia, which the record revealed to be about the same distance away from her residence.

Chief Justice Duckworth has described generally the legislative intent of the unemployment compensation laws of Georgia by saying that: "The legislative intent and purpose, that only the involuntarily unemployed whose unemployment is not the result of their own fault, is the foundation upon which the entire act rests; and that intent and purpose runs irresistibly through every paragraph and sentence of the whole law and is supreme and

controlling in the construction of all paragraphs and sentences." *Ford Motor Co. v. Abercrombie*, 207 Ga. 464, 468 (62 SE2d 209).

The principle enunciated by Judge Pratt in his Carwood Mfg. Co. case is completely harmonious and in full accord with the legislative intent expressed by Chief Justice Duckworth as permeating every "paragraph and sentence of the whole law" and controlling its construction. The claimant here cannot be said to be unemployed "through no fault of her own" as she has the burden of providing herself with transportation to the place where work is available. Even though the inability to secure transportation may not be the "fault" of the claimant, there is "fault" attributable to her when she is unable to carry the burden of providing herself with transportation. The claimant must assume the risk of nonpersuasion.

It necessarily follows that the claimant is not "available for work" within the meaning of *Code Ann.* § 54-609 (c).

*Judgment reversed. Carlisle, P. J., and Hall, J., concur.*