450 P.2d 925

**Anthony F. MOYA, Petitioner-Appellant,**

**v.**

**EMPLOYMENT SECURITY COMMISSION of New Mexico, Defendant-Appellee.**

**No. 8705.**

Supreme Court of New Mexico.

Feb. 24, 1969.

Ellis J. French, Albuquerque, for petitioner-appellant.

Boston E. Witt, Atty. Gen., Santa Fe, A. M. Frazier, J. Richard Baumgartner, Special Asst. Attys. Gen., Albuquerque, for defendant-appellee.

## OPINION

NOBLE, Chief Justice.

Anthony F. Moya has appealed from a judgment of the district court affirming the decision of the Employment Security Commission, denying him benefits under the unemployment compensation act for a period of seven weeks for refusing an offer of suitable employment without good cause.

Upon review of the Commission's action, the district court found, among other findings, that following his discharge from the Armed Services, Moya filed a claim for unemployment benefits. He was 25 years of age, single and living with his mother and grandmother. His normal labor market for employment was the Albuquerque metropolitan area. He was qualified and registered with the Commission as a clerk-typist. The Commission referred him for an interview with Eberline Instrument Company for such work, with working hours from 3:30 p.m. to 10:30 p.m., Monday through Friday, and from 8:00 a.m. to 2:30 p.m. on Saturday, at $1.50 per hour, which was the prevailing pay rate for such work in the Albuquerque metropolitan area. Moya refused the interview and was disqualified from receiving benefits for seven weeks because of the refusal of an offer of suitable employment. He filed a timely notice of appeal with the appeals tribunal of the Commission, asserting lack of transportation and an obligation to care for his grandmother during the evening hours as the reason for his refusal of the employment. That tribunal upheld the determination of the hearing officer. An appeal was taken to the district court resulting in a conclusion that the Commission's findings were supported by substantial evidence and the Commission's ruling affirmed.

Claimant argues first that because there is testimony that no bus route runs between his home and the Eberline Instrument Company, the work offered was not *suitable* within the meaning of § 59–9–5(c) (1), N.M.S.A.1953, providing disqualification from benefits, the material portion of which reads:

"In determining whether or not any work is suitable for an individual, the commission shall consider * * * the distance of available work from his residence."

He argues that he had transportation by family car available during the day but not in the evening and that no bus line went as far as his residence.

█ █ In a proceeding of this nature, it appears to be the general rule that the claimant has the burden of establishing his right to benefits. Haynes v. Unemployment Compensation Comm., 353 Mo. 540, 183 S.W.2d 77; Copeland v. Oklahoma Employment Security Comm., 197 Okl. 429, 172 P.2d 420; Jacobs v. Office of Unemployment Compensation, 27 Wash.2d 641, 179 P.2d 707. There is nothing in the record in this case to show any duty resting upon the employer, either express or implied, to furnish transportation to its employees to and from work. In such circumstances, the burden is cast upon the employee to provide himself with such transportation. Having this burden, a prospective employee who is unable to provide himself with such transportation, even though it be through no fault of his own, is not available for work within the meaning of the statute. Copeland v. Oklahoma Employment Security Comm., supra; Jacobs v. Office of Unemployment Compensation, supra; Kontner v. Unemployment Compensation Board of Review, 148 Ohio St. 614, 76 N.E.2d 611, 615; Putnam v. Dept. of Employment Security, 103 N.H. 495, 175 A.2d 519; Mohler v. Dept. of Labor, 409 Ill. 79, 97 N.E.2d 762, 24 A.L.R. 2d 1393; Morgan v. Board of Review, 77 N.J.Super. 209, 185 A.2d 870; Clark v. Bogus Basin Recreational Association, 91 Idaho 916, 435 P.2d 256, 259.

Section 59–9–5(c) (2), N.M.S.A.1953, so far as pertinent, reads:

"Notwithstanding any other provisions of this act, no work shall be deemed suitable and benefits shall not be denied under this act to any otherwise eligible individual for refusing to accept new work under any of the following conditions: * * * (b) if the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality * * *."

 Claimant argues that the work offered in this instance is substantially less favorable to him than prevailing conditions for similar work in the area because the hours offered were from 3:30 p.m. to 10:30 p.m., Monday through Friday, and 8:00 a.m. to 2:30 p.m. on Saturday, whereas the prevailing hours are from 8:00 a.m. to 5:00 p.m., Monday through Friday. He argues that the "swing shift" and having to work on Saturday is less favorable than the day shift of eight hours for five days. The Commission asserts that the claimant has restricted his work to daytime employment, regardless of whether available work required that he report for work later in the day. One who so restricts his willingness to accept employment has failed to establish that he was "available for work" within the meaning of the statute. Jacobs v. Office of Unemployment Compensation, supra; and see Kut v. Albers Super Markets, Inc., 146 Ohio St. 522, 66 N.E.2d 643; Keen v. Texas Unemployment Compensation Comm., 148 S.W.2d 211 (Tex.Civ. App.1941); Salavarria v. Murphy, 266 App. Div. 933, 43 N.Y.S.2d 899; W. T. Grant Co. v. Board of Review, 129 N.J.L. 402, 29 A.2d 858; Ford Motor Co. v. Appeal Board, 316 Mich. 468, 25 N.W.2d 586; Mills v. South Carolina Unemployment Compensation Comm., 204 S.C. 37, 28 S.E. 2d 535. Nor does claimant's contention, that his responsibility to his grandmother required that he remain with her in the evenings, make such evening work unsuitable within the meaning of the statute. Parsons v. Employment Security Commission, 71 N.M. 405, 379 P.2d 57, has been noted and is not contrary to our holding here.

We find no merit in the contention that the decision of the Commission is not responsive to the original order denying benefits to the claimant. It appears that originally the claimant refused the referral because he claimed the rate of pay, $1.50 per hour, was less than the prevailing wage for such work in the area. Upon appeal to the Commission, claimant abandoned that ground and urged the working hours and lack of transportation as making the offer of employment not suitable within the meaning of the statute. The appeal tribunal determined the matter upon the issues presented by the claimant at that hearing. Actually, the question before both the original hearing officer and the appeal tribunal was whether the claimant, without good cause, refused to accept suitable employment.

We are not impressed by the contention that the denial of benefits to the claimant by the Commission was arbitrary or capricious. It follows that the judgment appealed from should be affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.