Hillsborough
No. 6761

Michael J. Chaisson

v.

Benjamin C. Adams, Commissioner & *a.*

March 29, 1974

*New Hampshire Legal Assistance (Bruce E. Friedman)* orally for the plaintiff.

*Andre J. Barbeau, Edward F. Smith* and *Joseph Stewart (Mr. Barbeau* orally) for the defendant.

GRIMES, J. This is an appeal under RSA 282:5 from the decision of the appeal tribunal of the department of employment security which found plaintiff ineligible for unemployment compensation benefits. The plaintiff's appeal petition stated that the appeal tribunal erred in holding him "ineligible for unemployment compensation benefits due [sic] his failing, without good cause, to apply for suitable work. This conclusion was based on facts which showed that the claimant was without transportation to contact prospective employers. Such a conclusion is erroneous as a matter of law."

The defendant moved to dismiss the appeal on the ground that it did not state a cause of action upon which relief can be granted even if all the facts alleged were admitted and because the question of law presented was decided in *Putnam v. Department of Employment Security,* 103 N.H. 495, 175 A.2d 519 (1961). The motion to dismiss was granted by *Bois,* J., who transferred all questions of law raised by plaintiff's exception.

RSA 282:5 G (3) provides that appeals to the superior court shall be by petition which "must set forth specifically the grounds upon which it is claimed that the decision is in error . . . ." Contrary to the contention of the defendant, we hold that the plaintiff's petition meets this requirement. There can be no doubt that plaintiff was questioning the decision that he failed without good cause to apply for suitable work and that his lack of transportation made

him ineligible. *Mercer v. Merchants National Bank,* 108 N.H. 199, 230 A.2d 745 (1967); *see Rafferty v. State,* 107 N.H. 387, 388, 222 A.2d 823, 824 (1966).

The statute does not require, as the defendant contends, that the plaintiff state a "cause of action". The plaintiff qualified for unemployment compensation when he was laid off from his employment as a construction worker because of lack of work and it was so determined by a certifying officer and he was allowed benefits of $33 per week. The only issue therefore is whether the termination of these benefits was erroneous.

Defendant's reliance, on an appeal under this statute, upon technical rules of pleading drawn largely from other jurisdictions is misplaced. Plaintiff's petition on appeal fully complied with the statutory requirement by stating the ground upon which he claims the decision was in error.

The second ground alleged for dismissal was that the question of law raised had already been decided in *Putnam v. Department of Employment Security,* 103 N.H. 495, 175 A.2d 519 (1961). The issue in that case was whether an employee, who terminated her employment because she was unable to find transportation after the fellow employee with whom she had been traveling left the State, had voluntarily and without good cause left work "for a reason not attributable to the employer" and had therefore disqualified herself from benefits. It was held that although the lack of transportation might constitute good cause, the requirement that it be attributable to the employer had not been met. The court pointed out that absent a contract, custom or collective bargaining agreement transporation is not the responsibility of the employer.

It is clear, therefore, that the decision in *Putnam* rested on the requirement that the reason for leaving be attributable to the employer. In the case at bar, no such requirement is involved. The employee is disqualified for benefits if he "has failed without good cause" either to apply for available suitable work or to accept suitable work offered him. RSA 282:4 M (Supp. 1973). If there is good cause for not applying for or accepting suitable work the em-

ployee is not disqualified no matter to whom the good cause is attributable. It is therefore a question of fact whether plaintiff without good cause failed to either apply for or accept suitable work which was available or had been offered to him.

The plaintiff is entitled to a hearing de novo in the superior court. RSA 282:5 G (3). It was error therefore to have dismissed the appeal without such a hearing.

*Exception sustained; remanded.*

All concurred.