565 P.2d 1287

Joseph LARA, Appellant,

v.

ARIZONA DEPARTMENT OF ECO-
NOMIC SECURITY and Donald
H. Lundberg, Appellees.

No. 2 CA–CIV 2263.

Court of Appeals of Arizona,
Division 2.

March 8, 1977.

Michael Addis, Tucson, for appellant.

Bruce E. Babbitt, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee, Arizona Dept. of Economic Security.

OPINION

HATHAWAY, Judge.

Appellant applied for unemployment compensation and received two weekly benefit checks totaling $156. Subsequently, a deputy of the Department of Economic Security determined he was disqualified for benefits because he had voluntarily left work without good cause. Appellant was informed of his disqualification for unemployment benefits and that the payments were made through "departmental error."

The deputy's determination was affirmed by the appeal tribunal of the Department of Economic Security and review was denied by the director of the department. The department decision was sustained on appeal to superior court and we also affirm.

Appellant was employed as a truck driver to haul machinery, being paid at the rate of 12 cents per mile. His employer paid for his schooling at Rochester, Minnesota, where the main terminal was located. While in the Rochester area, appellant was notified that his infant daughter in Tucson was ill and perhaps in need of an operation. Mrs. Lundberg, vice president of the employer company, gave appellant permission to return to Tucson and authorized a salary advance for plane fare, although appellant was overdrawn because of expenses.

■ After about two days in Tucson, appellant indicated he was ready to return to work but did not have funds. Mrs. Lundberg advised him to go to a Tucson truck stop and get a ride to the Rochester terminal. Appellant refused, claiming his employer had the duty to pay his way back to Rochester, and asserted he would obtain unemployment compensation.

A.R.S. § 23–775 provides:

"An individual shall be disqualified for benefits:

1. For the week in which he has left work voluntarily without good cause in connection with his employment, if so found by the department and in addition to the waiting week, for the duration of his unemployment and until he has earned wages in an amount equivalent to five times his weekly benefit amount otherwise payable."

Having voluntarily left work without good cause, appellant is disqualified from unemployment benefits. Quitting a job because of loss of transportation is a voluntary quitting without good cause. *Putnam v. Department of Employment Security*, 103 N.H. 495, 175 A.2d 519 (1961). In absence of contract or custom, the employee is responsible for transportation to and from work. *Copeland v. Oklahoma Employment Security Commission*, 197 Okl. 429, 172 P.2d

420 (1946); *Clark v. Bogus Basin Recreational Association*, 91 Idaho 916, 435 P.2d 256 (1967). Where a claimant refuses to follow instructions necessary to retain employment, he is not entitled to unemployment benefits. *Coyle v. Unemployment Compensation Board of Review*, 191 Pa.Super. 482, 159 A.2d 13 (1960).

The uncontradicted evidence establishes that appellant refused to return to work. His employer had no responsibility to furnish transportation back to Rochester. The means to return suggested by the employer was rejected. No job-connected good cause for appellant's actions was shown.

■ Appellant contends that his claim for waiver of repayment of benefits was wrongfully denied citing A.R.S. § 23–788 as a basis for his requested waiver. Appellee points out that the initial determination that the overpayment was attributed to departmental error was predicated upon erroneous information contained in appellant's signed application for benefits, indicating that he was "laid off" because of "lack of work." A.R.S. § 23–788, providing for recoupment or waiver thereof in a proper situation, states:

"Any person who has received, *without fault on his part*, any amount as benefits under this chapter to which he was not entitled, shall be liable in the discretion of the commission either to repay such amount to the commission for the fund, or to have such sum deducted from future benefits payable to him under this chapter, except that such repayment or deduction shall not be required if recoupment would either defeat the purpose of this chapter or would be against equity and good conscience." As amended, Laws 1966, Chapter 107 § 4. (Emphasis supplied)

It is undisputed that appellant received the two checks totaling $156. He admitted that he checked the "laid off" box on his application, but denied that he entered the notation "lack of work" as a reason. That notation is followed by initials, "JSL," which he also denied were his. The Department of

**428**

Economic Security, however, did not have to accept appellant's testimony even though it was not contradicted. *Arizona State Liquor Board v. Jacobs*, 20 Ariz.App. 166, 511 P.2d 179 (1973). Appellee contends that the waiver of repayment was properly declined under A.R.S. § 23–789, which provides:

"When any person by reason of nondisclosure or misrepresentation by him or by another of a material fact, *irrespective of whether such nondisclosure or misrepresentation was known or fraudulent*, receives any amount as benefits under this chapter while any conditions for the receipt of benefits imposed by this chapter were not fulfilled or while he was disqualified from receiving benefits, he shall be liable, in the discretion of the commission, either to have such sums deducted from any future benefits payable to him under this chapter or to repay to the commission for the fund an amount equal to the amount so received by him   .   ." (Emphasis supplied)

We find that the application submitted by appellant, in the context of the record before us, reasonably supports a conclusion that appellant received benefits by reason of nondisclosure or misrepresentation of material facts with reference to his termination of employment. His argument that the appeal tribunal and director wrongfully denied his claim of waiver is without substance. We find no basis for appellant's due process argument. He was afforded notice of disqualification and of overpayment and was afforded hearings with counsel at all stages.

Affirmed.

HOWARD, C. J., and RICHMOND, J., concur.