## David H. Esty v. Department of Employment Security

[420 A.2d 114]

No. 205-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

September 8, 1980

*David H. Esty,* pro se, Windsor, Plaintiff.

*Brooke Pearson,* Montpelier, for Defendant.

**Per Curiam.** From a denial of benefits by the Vermont Employment Security Board (Board), claimant appeals. We affirm. The Board certified the following question for review:

> Whether the conclusion of the Employment Security Board, that the claimant, who, after losing his means of transportation to work, terminated his employment, left the employ of his last employing unit voluntarily without good cause attributable to such employing unit, is correct as a matter of law.

The Board found that the claimant, a mason tender, needed transportation to get to his work. Although he owned two cars, neither was operable. He rode daily to and from the job site with a co-worker who had several other individuals riding with him. When the driver went on vacation the claimant was able to get a ride with his brother for only a few days. When that ride was no longer available, he left the job. The Board also found that there had never been an agreement between the claimant and his employer that the employer would provide transportation to the job site. The claimant disputes that finding but points to no evidence in the record to support his position.

Although the quitting might have been involuntary as to the employee, he failed to demonstrate that transportation was to be furnished by the employer. The employee's termination of employment because of loss of transportation furnished by a co-employee, where the employer had not undertaken to provide transportation, was not for good cause attributable to the employer within the meaning of 21 V.S.A. § 1344(a)(2)(A). See *Putnam* v. *Department of Employment Security,* 103 N.H. 495, 175 A.2d 519 (1961).

Question answered in the affirmative.

*Judgment affirmed.*