## TERRENCE M. HILL v. CONTRACT BEVERAGES, INC., AND ANOTHER.

240 N. W. 2d 314.

March 5, 1976—No. 45622.

*Terrence M. Hill,* pro se, for relator.

*Warren Spannaus,* Attorney General, *Peter W. Sipkins,* Solicitor General, *Peter C. Andrews,* Assistant Attorney General, and *Frank W. Levin,* Special Assistant Attorney General, for respondent commissioner.

PER CURIAM.

Certiorari to the Department of Employment Services to re-

view a decision of the commissioner of employment services disqualifying relator for unemployment benefits. We affirm.

Relator, a resident of St. Paul, was employed in November 1973 by Contract Beverages, Inc., respondent-employer, located in Eagan, Minnesota. When he was first employed, he was placed on the third shift (11 p. m. to 7:30 a. m.). After an intervening layoff, he was called back to work in March 1974. On this rehiring he was assigned to the first shift (7 a. m. to 3:30 p. m.).

When relator applied for work, he explained to the general manager of the employer that he had no car and there was no public transportation between his residence and the place of employment. According to relator, the general manager assured relator he would be able to obtain transportation from some fellow worker. Relator accepted the job upon the condition that he could "find a ride certainly from someone." While working on the third shift, relator had no transportation problems because he was able to obtain transportation from a fellow employee. In March, when rehired and placed on the first shift, relator had problems in obtaining transportation although he did succeed in intermittently obtaining rides to and from his residence.

Relator notified management of this difficulty and sought transfer to the third shift. Relator's request to be transferred to the third shift was denied by the employer because (a) his experience was needed on the first shift; (b) a more senior employee had requested the third shift; and (c) relator had personality conflicts with a lead man on the third shift.

In mid-May, an employee who had been providing transportation for relator was transferred to the second shift. Thereafter, relator was unable to arrange transportation with any other employee on the first shift. After relying on hitchhiking for a short time, relator found this to be an unreasonable burden and terminated his employment in May 1974.

The appeal tribunal found relator voluntarily discontinued his employment without good cause attributable to the employer and found him disqualified for 5 weeks of unemployment in addi-

tion to the waiting period; the maximum benefit amount payable was reduced by two times the weekly benefits; and the benefits were not charged to employer's rating. The commissioner affirmed the appeal tribunal, and this appeal followed.

Unemployment benefits are intended to extend to those who by no fault of their own are involuntarily unemployed. Kantor v. Honeywell, Inc. 286 Minn. 29, 31, 175 N. W. 2d 188, 190 (1970). The applicable statutory provision, Minn. St. 268.09, subd. 1(1), provides in part as follows:

"An individual shall be disqualified for benefits:

(1) If such individual voluntarily and without good cause attributable to the employer discontinued his employment with such employer * * *."

Relator contends that he accepted the employment upon a representation of the employer that he could obtain transportation on the third shift from fellow employees. Relator claims that by changing his shift and refusing to return him to his original shift, the employer created an unreasonable burden on relator's ability to get to and from his employment. Accordingly, relator claims that his termination was caused by the employer.

When relator originally accepted the employment on the third shift, he had no knowledge that he would be able to obtain transportation from some person on that shift or any other shift. Relator accepted the employment before he obtained the transportation upon the expectation that he could find a fellow employee who would provide his transportation. Fortunately, he found transportation on his assigned shift, but the fact that such transportation was not available on another shift cannot be attributed as a fault of the employer. In the absence of contract or custom imposing an obligation of transportation upon the employer, transportation is usually considered the problem of the employee. Putnam v. Department of Employment Security, 103 N. H. 495, 175 A. 2d 519 (1961). Prior decisions, Johnson v. Levy, 240 Minn. 502, 61 N. W. 2d 845 (1953), and Swanson v. Minneapolis-Honeywell Regulator Co. 240 Minn. 449, 61 N. W. 2d 526

(1953), have sustained the denial of benefits where employees terminated their work because of their particular needs.

Relator now suggests for the first time that the decision of the commissioner is arbitrary and unreasonable in that prior decisions of the department under similar circumstances sustain the payment of benefits. The prior decisions of the department are distinguishable on the facts or inconsistent with subsequent decisions by this court and are therefore not controlling.

Affirmed.