James E. BLAU, Relator,

v.

MASTERS RESTAURANT ASSOCIATES, INC., d/b/a Monte Carlo Bar, Respondent,

Commissioner of Economic Security, Respondent.

No. C0–83–1874.

Court of Appeals of Minnesota.

March 14, 1984.

Jane Kammerman, Bridget Ahmann, Student Atty., Minneapolis, for relator.

Masters Restaurant Assoc., pro se.

Regina M. Chu, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by FOLEY, P.J., WOZNIAK and SEDGWICK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

James Blau appeals the decision of the Economic Security Department denying him unemployment benefits. Blau applied for benefits after he was fired from his job. A department claims deputy found Blau disqualified for misconduct. An appeal followed and the department referee affirmed the claims deputy. Blau appealed to the Commissioner and the Commissioner's representative affirmed the referee.

We affirm.

## FACTS

Blau worked part time as a dishwasher for Masters Restaurant Associates, Inc.'s Monte Carlo Bar. On July 15, 1983, he was scheduled to work from 11:30 a.m. to 5:00 p.m. Between 2:00 and 3:00 in the afternoon, he finished his dishwashing duties and punched out. On his way out, he ran into the general manager who questioned Blau's early departure. Blau told the general manager that the assistant manager and the assistant floor manager had given him permission to leave work without prior permission whenever he finished early.

The general manager checked with the assistant floor manager to see if Blau had gotten permission to leave early whenever he finished his work. The assistant floor manager denied giving a blanket permission of leave although she had several times given Blau permission to go when he had asked. The assistant manager had never given Blau permission to leave without notifying a supervisor.

On July 20, 1983, the general manager confronted Blau. The general manager asked Blau to explain why he had lied. Blau refused to discuss the matter. He was discharged.

In a written explanation to the claims deputy, the employer stated the reasons for Blau's termination as "foul language— walking off the job—would not discuss problem with manager." At the hearing, Blau claimed an old manager who had since left gave him permission to leave whenever he finished his dishwashing tasks. The restaurant's general manager testified that Blau had been told numerous times that his duties went beyond dishwashing to include sweeping, cleaning, putting stock away, and other tasks around the restaurant. Blau testified that he left work without permission at least 30 times.

## ISSUES

1. Was Blau guilty of misconduct for leaving early, for misrepresenting his authority to set his own hours, and for refusing to discuss his actions?
2. Did Blau have sufficient notice of the matters to be determined at the hearing?

## ANALYSIS

■ 1. The commissioner's findings must be reviewed in the light most favorable to the decision and if there is evidence reasonably tending to sustain them, they are not disturbed. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn. 1983); *Group Health Plan, Inc. v. Lopez*, 341 N.W.2d 294, 296 (Minn.App.1983).

An employee fired for misconduct is disqualified from receiving unemployment benefits. Minn.Stat. § 268.09(1)(1) (1982). Misconduct is:

limited to conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct."

*Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 375, 204 N.W.2d 644, 646 (1973); *see also Smith v. American Indian Chemical Dependency Diversion Project*, 343 N.W.2d 43 (Minn.App.1984); *Group Health Plan, Inc. v. Lopez*, 341 N.W.2d 294 (Minn. App.1983). The employer has the burden of proving misconduct. *Plowman v. Copeland, Buhl & Co.*, 261 N.W.2d 581, 585 (Minn.1977).

■ Although conflicting testimony was given, the referee and the Commissioner's Representative found the employer's testimony more convincing. On appeal, we do not have the liberty to weigh credibility. *Nyberg v. R.N. Cardozo Bros., Inc.*, 243 Minn. 361, 364, 67 N.W.2d 821, 823 (1954). According to the findings, Blau would not work his scheduled shift, left work early when there was work to be done without asking permission, lied to the general manager about the supervisor's allowing him to leave early, and then refused to discuss his actions when confronted.

Blau claims that the Commissioner's Representative based his decision on grounds other than the reason for discharge. He claims that the only ground for discharge was failure to communicate with the general manager. While failure to communicate was the immediate reason for Blau's termination, it was not the only reason. Blau's termination resulted from a progression of events, the final condemning event being Blau's refusal to discuss his wrongdoing when confronted. Within that context, the general manager's statement that "If Jim had communicated that effectively to me, he'd still be working there," represents not the sole reason for .

the firing but the straw that broke the camel's back.

 Blau also claims that he was fired for a single isolated incident. Even a single incident can be misconduct if it represents a sufficient enough disregard for the employer's expectations. *Auger v. Gillette Co.*, 303 N.W.2d 255, 258 (Minn.1981). Blau admits leaving early at least 30 times without seeking permission. In this case, the Commissioner's Representative found a progression of events: leaving early, lying, refusing to talk about the problem. Blau exhibited an intentional and substantial disregard of his duties and the employer's interests.

2. Blau claims he had no notice that lack of communication would be used as a ground of misconduct. This claim is without merit.

On appeal from a claims deputy's decision, one is entitled to an administrative fact finding hearing on the general issue of how the employee lost his job. The department can inquire into all pertinent circumstances. In this case, the employer's written explanation of the termination to the claims deputy stated that Blau was terminated for "foul language—walking off job early—would not discuss problem with manager." Blau had an attorney. Lack of communication was in the record as one of the grounds for termination. There was no lack of notice.

### DECISION

Because he consistently left work early, without permission, lied about having permission, and then refused to discuss the problem when confronted, Blau was guilty of misconduct and is disqualified from receiving unemployment benefits.

Affirmed.