Phyllis P. PREISS, Relator,

v.

COMMISSIONER OF ECONOMIC SECURITY, Respondent.

No. CO–84–55.

Court of Appeals of Minnesota.

April 17, 1984.

Phyllis P. Preiss, pro se.

Paul N. Heckt, St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and WOZNIAK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

On January 30, 1983 after moving to Missouri, Relator Phyllis Preiss filed a claim for interstate unemployment compensation benefits. On June 20, 1983, the Missouri Job Service referred her to a vacancy in Treasure Lake, Missouri, a distance of 22 miles from her residence. Relator refused to apply for the job. A claims deputy for the Minnesota Department of Economic Security determined that relator had failed to apply for suitable work. On appeal a Department Appeal Tribunal affirmed and the Commissioner's representative affirmed the Tribunal decision. We affirm.

## FACTS

Before moving to Kimberling, Missouri, on January 11, 1983, relator was employed as a secretary and office manager in Nisswa, Minnesota, for a period of 10 years. Because she earned her wage credits in Minnesota, relator filed a claim for interstate unemployment insurance benefits.

The Missouri Division of Employment Security (Job Service) referred relator to a job as a bookkeeper and receptionist located in Treasure Lake, Missouri, approximately 22 miles from the relator's home, which paid $3.35 per hour and would have involved working some evening hours and weekend hours. Relator did not apply because of distance, traffic, low pay, and weekend and evening working hours. Relator wanted to wait for more desirable job possibilities.

Because of her failure to apply a claims deputy for the Department of Economic Security determined that the relator failed to apply for suitable work and was ineligible to receive benefits.

## ISSUES

1. Whether the record supports the Commissioner's decision that relator failed, without good cause, to apply for available, suitable work, as required by Minn.Stat. § 268.09, subd. 2 (Supp.1983).

2. Whether relator was "available for work" within the meaning of Minn.Stat. § 268.08, subd. 1(3) (Supp.1983).

## ANALYSIS

1. This court's scope of review is limited. In an economic security case:

The narrow standard of review requires that findings be reviewed in the light most favorable to the decision, and if there is evidence reasonably tending to sustain them, they will not be disturbed.

*White v. Metropolitan Medical Center,* 332 N.W.2d 25 (Minn.1983); *see Booher v. Transport Clearings of Twin Cities, Inc.,* 260 N.W.2d 181 (1977).

2. Minn.Stat. § 268.09, subd. 2 (Supp. 1983) provides for disqualification of a claimant for failure without good cause, to apply for available, suitable work when advised by the employment office. There is no dispute that the job opening in Treasure Lake was available to relator.

Minn.Stat. § 268.09, subd. 2(a) defines factors for determination of suitability. Subdivision 2(a) provides:

In determining whether or not any work is suitable for an individual, the commissioner shall consider the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience, his length of employment and prospects of securing local work in his customary occupation, and the distance of the available work from his residence.

Suitable work has been defined by the Minnesota Supreme Court as "such work as the employee customarily performs or such as he is reasonably fitted to perform by past experience or training...." *Hendrickson v. Northfield Cleaners,* 295 N.W.2d 384, 386 (Minn.1980); *Swanson v. Minneapolis-Honeywell Regu-* *lator Company,* 240 Minn. 449, 457, 61 N.W.2d 526, 531 (1953). The Commissioner is vested with wide discretion to determine whether offered work is suitable for an individual. *Di Re v. Central Livestock Order Buying Company,* 246 Minn. 279, 288, 74 N.W.2d 518, 526 (1956).

Relator claims that the available position was unsuitable because it was 22 miles from her home. The Commissioner found that the distance was not unreasonable. Relator resides in a mountainous rural area in which employment opportunities in her field are not common. Relator's complaints about traffic conditions were based on mere speculation; she had not driven the route during the proposed commuting hours and provided no evidence about expected traffic problems.

Relator's failure to apply for the position was without good cause as required by Minn.Stat. § 268.09, subd. 2. The Minnesota Supreme Court has construed the term "good cause" in *Swanson v. Minneapolis-Honeywell Regulator Company, supra,* 240 Minn. at 487, 61 N.W.2d at 532:

We construe "good cause" ... to mean: a) where an employee who is "available for work," is offered "suitable work" which he refuses to accept for reasons which are of a temporary and emergency character, such refusal constitutes "good cause." This means that it must be a necessitous circumstance and must be of such a temporary nature as not to detach him from the labor market, or b) where an employee, who is "available" is offered "suitable work" but refuses a particular job for justifiable reasons pertaining to that particular job, such refusal constitutes "good cause."

The burden of proof is on the claimant to show "good cause" for refusing suitable work. A drive of 22 miles does not render an available position unsuitable, and does not constitute good cause to justify relator's refusal to apply.

Relator was concerned that the proposed hours would interfere with her family life. Relator does not dispute that the proposed

hours were customary for secretarial/book-keeping positions. The Minnesota Supreme Court has recognized that there is nothing in the statute to indicate that a claimant can limit employment to certain hours where the work is not likewise limited. *Swanson v. Minneapolis-Honeywell Regulator Company, supra.*

Relator's claim that the proposed pay was low is insufficient to constitute good cause. *Lewis v. Minneapolis Moline, Inc.,* 288 Minn. 432, 433, 181 N.W.2d 701 (1970). She does not argue that the job paid less than the prevailing wage for that type of work.

Finally, her argument that she was waiting for better opportunity does not constitute a "neccesitous and compelling" reason to refuse to apply for work within the meaning of *Swanson, supra.*

2. Relator's conditions and restrictions on her availability for work rendered her unavailable and ineligible for unemployment compensation benefits pursuant to Minn.Stat. § 268.08, subd. 1(3) (Supp.1983).

### DECISION

Relator's failure to apply for an available and suitable position, without good cause, rendered her ineligible to receive unemployment compensation benefits. Her refusal to accept employment at a reasonable rate of pay, at reasonable hours, in a location 22 miles from her home, intending to wait for another opening, rendered her unavailable for work and ineligible for unemployment compensation benefits.

We affirm the Commissioner's decision.

Affirmed.