**Julia McDONNELL, Relator,**

v.

**ANYTIME TEMPORARIES, Respondent,**

and

**Commissioner of Economic Security, Respondent.**

No. C1–84–2.

Court of Appeals of Minnesota.

June 12, 1984.

Frank W. Levin, Minneapolis, for relator.

Anytime Temporaries, pro se.

Hubert H. Humphrey, III, Atty. Gen., Regina M. Chu, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., FORSBERG and RANDALL, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal seeks review of the decision of the Commissioner of Economic Security. The Commissioner affirmed the decision of the Department referee and held relator voluntarily discontinued her employment without good cause attributable to the employer. Relator was therefore disqualified from receiving unemployment compensation benefits pursuant to Minn.Stat. § 268.-09, subd. 1(1) (Supp.1983).

We affirm.

## FACTS

On June 28, 1983, relator registered for work with respondent Anytime Temporaries for temporary clerical positions. On Friday, July 1, 1983, Anytime assigned McDonnell to a two-week clerical position paying $5.00 per hour and beginning the following Tuesday. Relator telephoned and advised Anytime she did not want to accept the two-week assignment. She did not, however, request a job with a different shift or hours. Anytime urged relator to work on Tuesday, July 5, and relator reluctantly agreed. She worked that day but informed Anytime that she would not complete the assignment.

Upon relator's application for unemployment compensation benefits, a claims deputy for the Department of Economic Security determined relator was disqualified from receiving benefits. On appeal, a referee affirmed the determination and a representative of the Commissioner concurred holding that relator voluntarily discontinued her employment without good cause attributable to the employer and was disqualified from receiving benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (Supp. 1983). The Commissioner's representative denied relator's request to remand the case for additional testimony on the suitability of the two-week assignment. In so ruling, the Commissioner's representative reasoned that the issue of suitability was not a statutory exception to the voluntary quit provision and was relevant only if relator refused to accept employment under Minn. Stat. § 268.09, subd. 2 (Supp.1983).

## ISSUES

1. Whether the record supports the decision of the Commissioner of Economic Security that relator voluntarily discontinued her employment without good cause attributable to the employer and was properly disqualified from receiving unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (Supp.1983).

2. Whether relator may be disqualified under Minn.Stat. § 268.09, subd. 1(1) (Supp. 1983) for quitting a job where she would not have been disqualified under Minn.Stat. § 268.09, subd. 2 (Supp.1983), if she had refused to accept that same job.

## ANALYSIS

Judicial review of decisions in economic security cases is limited. *Group Health Plan, Inc. v. Lopez,* 341 N.W.2d 294, 296 (Minn.Ct.App.1983). The narrow standard of review requires the findings be reviewed in the light most favorable to the

decision and, if there is evidence reasonably tending to sustain them, they will not be disturbed. *White v. Metropolitan Medical Center*, 332 N.W.2d 25, 26 (Minn. 1983).

■ Unemployment disputes involving Minn.Stat. § 268.09, subd. 1, are resolved in a two-step process. The employer first has the burden of proving disqualification of an otherwise eligible employee. *Marz v. Department of Employment Services*, 256 N.W.2d 287, 289 (Minn.1977). To avoid disqualification, the employee then bears the burden of establishing the employment was discontinued for good cause attributable to the employer. *Zepp v. Arthur Treacher Fish & Chips, Inc.*, 272 N.W.2d 262, 263 (Minn.1978).

The test for good cause attributable to the employer is "whether the employee's reason for quitting was compelling, whether it was real and not imaginary, substantial and not trifling, reasonable and not whimsical or capricious." *Ferguson v. Department of Employment Services*, 311 Minn. 34, 44, 247 N.W.2d 895, 900 (1976).

The Commissioner determined relator was disqualified from receiving benefits because she voluntarily discontinued her employment without good cause attributable to the employer. The evidence in the record supports this conclusion.

■ Relator refused to complete the two-week assignment because she wanted to be available during the day to seek a full-time, permanent position. The mere possibility of obtaining other employment is not sufficient to constitute good cause for voluntarily terminating one's employment.

Relator argues she should not be disqualified for quitting a job where she would not have been disqualified under Minn.Stat. § 268.09, subd. 2 (Supp.1983) had she refused to accept the same job.

■ Assuming, arguendo, she would not have been disqualified for refusing to accept the same job, the Commissioner correctly concluded the issue of suitability was irrelevant. Unsuitability of the work is not a statutory exception to the voluntary quit provision, Minn.Stat. § 268.09, subd. 1(1) (Supp.1983).

In *Smith v. Employers' Overload Company*, 314 N.W.2d 220 (Minn.1981), the Minnesota Supreme Court held individuals are not disqualified under section 268.09, subd. 1(1) for failing to appear for a possible offer of employment with a temporary labor service unless the employment was suitable under section 268.09, subd. 2. *Id.* at 222. The facts of this case are distinguishable from those in *Smith*. Relator was engaged in an ongoing job assignment when she quit. She was not, as in *Smith*, applying for daily work assignments and by quitting merely failing to appear for further assignments. The holding in *Smith* does not extend to the situation where an individual accepts employment and refuses to complete the assignment.

## DECISION

The record supports the decision of the Commissioner of Economic Security that relator voluntarily discontinued her employment without good cause attributable to the employer and was, therefore, properly disqualified from receiving unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(1) (Supp.1983).

Relator may be disqualified under Minn. Stat. § 268.09, subd. 1(1) (Supp.1983) for quitting a job, whether or not the job would be held "suitable" under Minn.Stat. § 268.09, subd. 2 (Supp.1983).

Affirmed.