Dennis E. ZIELINSKI, Relator,

v.

RYAN COMPANY, Department of Economic Security, Respondents.

No. C3-85-951.

Court of Appeals of Minnesota.

Dec. 17, 1985.

Ann E. Juergens, Sarah E. Duwell, Certified Student Atty., Wm. Mitchell Law Clinic, St. Paul, for Dennis E. Zielinski.

Ryan Co., pro se.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Dept. of Economic Security.

Heard, considered, and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from a determination by the Commissioner of Economic Security that relator refused a suitable offer of reemployment without good cause, and was therefore not entitled to unemployment compensation benefits. We affirm.

## FACTS

Relator, Dennis Zielinski, was employed as a construction worker by the Ryan Company in May 1984. He worked an average of 33 to 34 hours per week. In December, Zielinski was laid off but was called back on December 24 until December 28, when he was told there would be no more work immediately available. His employer suggested that he look for work elsewhere.

On January 9, 1985, the employer advised Zielinski work was available but Zielinski replied he would not work without a guarantee of 40 hours per week, full-time work. The employer asked if that meant Zielinski was quitting and he responded "yes". On January 25 the employer again contacted Zielinski to work and Zielinski again stated he would require a guarantee of 40 hours per week, full-time work. The employer could not make such a guarantee and Zielinski did not return to work.

A claims deputy awarded relator unemployment compensation benefits on the basis that Zielinski was unavailable for work on January 10, 1985 but that his intention was not to make himself unavailable or to quit. The decision was mailed to Zielinski and his employer.

The employer appealed but the notice of appeal was not mailed to Zielinski.

A hearing before a referee was scheduled, and a notice of the hearing was mailed to Zielinski and the employer. The notice indicated that the hearing would be a trial *de novo*, and stated:

ALL ISSUES PERTAINING TO THE MATTER ON APPEAL WILL BE CONSIDERED AND DECIDED BY THE APPEAL TRIBUNAL OR REFEREE. OTHER ISSUES AFFECTING THE CLAIMANT'S RIGHT TO UNEMPLOYMENT BENEFITS UP TO THE TIME OF THE HEARING MAY BE HEARD AT THE DISCRETION OF THE APPEAL TRIBUNAL OR REFEREE IF ALL INTERESTED PARTIES AGREE.

The notice also specifically stated that the following issues would be considered:

ISSUE: (1) Whether the claimant was able to work, available for work and actively seeking work for the period in question. Minn.Stat. 268.08, Subd. 1(3), MN Rules 3305.0400, 3305.0500 and 3305.0600. * * *.

(2) If the separation was voluntary, whether the claimant voluntarily discontinued employment without good cause attributable to the employer; or, if the separation was involuntary, whether the claimant was discharged for misconduct. Minn.Stat. 268.09, Subd. 1 * .* *.

At the hearing, the referee indicated that since the main question appeared to be whether Zielinski had refused an offer of reemployment in January, he would only consider evidence concerning that offer. He stated that he would not review what had happened prior to that time "unless there [was] some reason that should be relevant".

Following the hearing, the referee concluded that Zielinski had refused an offer of suitable reemployment without good cause thereby not keeping himself "available for work", and was not entitled to unemployment compensation benefits. A Commissioner's representative affirmed.

### ISSUES

1. Did relator fail to accept an offer of "suitable" reemployment?

2. Did relator have "good cause" to refuse the employer's offer of reemployment?

3. Did relator receive inadequate notice of the issues considered by the referee?

4. Did the Commissioner's representative. erroneously fail to remand for additional testimony?

### ANALYSIS

Unemployment compensation benefits are available to those persons who become unemployed "through no fault of their own". Minn.Stat. § 268.03 (1984). Thus, the legislature has indicated:

An individual shall be eligible to receive benefits with respect to any week of unemployment only if the commissioner finds that the individual:

\* \* \* \* \* \*

(3) was able to work and was available for work, and was actively seeking work * * *.

Minn.Stat. § 268.08, subd. 1 (1984). An individual is disqualified from receiving benefits:

if the commissioner finds that he has failed, without good cause, * * * to accept a base period employer's offer of re-employment offering substantially the same or better hourly wages and conditions of work as were previously provided by that employer in his base period.

Minn.Stat. § 268.09, subd. 2 (1984). Zielinski claims he is not disqualified because the work offered was not "suitable" and he therefore had "good cause" to refuse the offer of reemployment.

### I

■ Zielinski's primary complaint is that the work offer was not "suitable" because his hours were reduced while other employees' hours were not. He claims this reduction was the result of complaints he made to OSHA concerning his wages and hours.

The question of whether an offer of work is "suitable" is one of fact to be determined by the Commissioner. *Hogenson v. Brian Knox Builders*, 340 N.W.2d 360, 363 (Minn.Ct.App.1983). Zielinski introduced no evidence that his hours had been reduced. The employer testified that Zielinski had worked an average of 33.04 hours per week by choice. Zielinski's claim of unsuitable work is not supported by the record.

Zielinski also claims that the employer's offer of reemployment was not suitable because it was only a "one day shot", and/or on an "on-call" basis. The testimony was conflicting and the Commissioner's representative determined that the offer of reemployment was not for only one day or on an "on call basis". The Commissioner's findings regarding credibility should not be overturned, since there is evidence in the

record reasonably tending to support them. *See Cary v. Custom Coach, Inc.,* 349 N.W.2d 331, 332 (Minn.Ct.App.1984).

The testimony indicates, and the Commissioner found, that Zielinski refused to accept the employer's offer of reemployment because he could not receive a written guarantee of 40 hours per week. The evidence established that such guarantee could not be made in the construction business. This being customary in his line of work, Zielinski could not refuse the reemployment offer without sacrificing unemployment compensation benefits. *See Thompson v. Schraiber,* 253 Minn. 46, 49–50, 90 N.W.2d 915, 917 (1958). He could not place conditions or restrictions on his availability. *Hansen v. Continental Can Co.,* 301 Minn. 185, 187, 221 N.W.2d 670, 672 (1974).

## II

■ Zielinski claims he had "good cause" for refusing to accept his employer's offer of reemployment, because of the previous reduction in his hours. The claim is unsupported by the record.

Zielinski also claims he had good cause to refuse reemployment because he had scheduled two job interviews for the day after his employer called. The Commissioner's representative did not make a specific finding whether such interviews had been scheduled, but the referee did find the claim unbelievable because of lack of corroboration.

Zielinski has failed to meet his burden of proving he had good cause for declining the employer's offer of reemployment. *See Preiss v. Commissioner of Economic Security,* 347 N.W.2d 74, 76 (Minn.Ct.App. 1984).

## III

■ Zielinski claims that although the notice of hearing stated that the hearing would be a trial *de novo,* the referee nonetheless limited the scope of the hearing to one issue, i.e., whether Zielinski had refused the employer's offer of reemployment, thereby prohibiting the review of the employer's alleged retaliatory reduction in his hours of work.

This claim is without merit. First, the referee said he would not review what occurred prior to the offer of reemployment "unless there is some reason that should be relevant". Zielinski failed to request that the issue of retaliation be addressed. Second, the alleged reduction in hours would directly bear upon relator's claim that his refusal to accept the offer was for good cause or because he believed the offer was unsuitable. We therefore do not agree that relator was denied the opportunity to raise this issue at the hearing.

Zielinski further argues that he did not know the issue of the reoffer would be raised at the hearing. In *Blau v. Masters Restaurant Associates, Inc.,* 345 N.W.2d 791 (Minn.Ct.App.1984) we stated:

> On appeal from a claims deputy's decision, one is entitled to an administrative fact finding hearing on the general issue of how the employee lost his job. The department can inquire into all pertinent circumstances. * * * [The issue in question] was in the record as one of the grounds for termination. There was no lack of notice.

*Id.* at 794. Here, also, the record contained notice that the circumstances surrounding the employer's offer of reemployment were at issue, since the determination by the claims deputy clearly referred to the reoffer. In addition, the notice of hearing which was mailed to relator specifically indicated that the issues at the hearing would concern whether relator remained available for work. The question whether Zielinski's refusal to work made him unavailable to work or disqualified him is one and the same thing. *See Grushus v. Minnesota Mining and Manufacturing Co.,* 257 Minn. 171, 174, 100 N.W.2d 516, 519 (1960). Because the notice of hearing indicated that the issue of availability would be raised, we find that relator had adequate notice of that issue.

■ Zielinski also claims he never received the employer's notice of appeal.

Such notice must be mailed to a claimant. *See* Minn.Rule 3310.2900 (1984). We nonetheless decline to remand, since Zielinski suffered no prejudice when he did not receive the notice of appeal, which merely stated that the employer was appealing because of the claim that Zielinski quit. That claim had already been made known to Zielinski by the claims deputy's decision. The notice of hearing also listed that issue as one which would be raised at the hearing.

## IV

■ Zielinski finally claims that the Commissioner erroneously failed to remand for receipt of testimony concerning the employer's alleged retaliatory reduction in relator's hours. The Commissioner determined that such evidence would not have altered the outcome of this case. We affirm based upon the broad discretion given the Commissioner's representative in questions of remand, *see, e.g., Schultz v. Machovec Food Market,* 358 N.W.2d 155 (Minn.Ct.App.1984); *Wicker Enterprises, Inc. v. Dahler,* 347 N.W.2d 543 (Minn.Ct. App.1984), and because the record demonstrates Zielinski never even attempted to raise such a claim at the hearing. In view of the ample opportunity for Zielinski to raise such issue at the hearing, we cannot say the Commissioner's failure to remand was arbitary or unreasonable.

## DECISION

The decision of the Commissioner's representative is affirmed.

Affirmed.