Gary **KUETHER**, Relator,

v.

**PERSONNEL POOL OF MINNESOTA,**
Commissioner of Jobs and Training,
Respondents.

No. C8–86–874.

Court of Appeals of Minnesota.

Oct. 14, 1986.

M. Francesca Chervenak, Legal Aid Soc. of Minneapolis, Inc., Minneapolis, for relator.

Personnel Pool of Minnesota, pro se.

Hubert H. Humphrey, III, Atty. Gen., Laura E. Mattson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ.

## OPINION

LANSING, Judge.

Gary Kuether seeks review of a determination that he is disqualified from receiving unemployment compensation benefits because he failed, without good cause, to accept an offer of suitable employment. We reverse.

## FACTS

In September 1985 Gary Kuether was laid off from his permanent, full-time job as an appliance repairman. After filing a claim for unemployment compensation benefits, Kuether applied for temporary work with Personnel Pool of Minnesota. In his application, Kuether stated he was in good health and suited for heavy labor, general warehouse work, loading and unloading, moving furniture, operating machines and painting. He also stated that, from 1979 through 1985, he earned between $5.80 and $7.20 per hour for permanent, full-time work.

On September 24 Personnel Pool provided Kuether with four hours of general labor at a wage of $3.75 per hour. That evening, Personnel Pool offered Kuether another temporary position the following day. The job required that Kuether unload heavy materials from trucks at a wage of $3.75 per hour. Kuether declined the offer because he was tired from the unaccustomed physical labor and because he did not want to continue working as a temporary day laborer, but wanted instead to look for full-time, permanent work.

A claims deputy for the Department of Jobs and Training determined that Kuether had failed, without good cause, to accept an offer of suitable employment and was therefore disqualified from receiving unemployment compensation benefits. Following a hearing and a protracted appeal process which included a remand for further testimony, a Commissioner's representative agreed that Kuether had failed, without good cause, to accept Personnel Pool's offer of suitable employment. Kuether appeals.

## ISSUE

Was Personnel Pool's offer of temporary employment "suitable" for Kuether?

## ANALYSIS

Although an employee may initially be qualified to receive unemployment compensation benefits following a separation from employment, the employee may thereafter be disqualified from receiving those benefits if the department determines that he has failed, without good cause, to accept a suitable offer of work. Minn.Stat. § 268.-09, subd. 2 (1984). While the Commissioner's representative is vested with wide discretion to determine whether work is "suitable," *Di Re v. Central Livestock Order Buying Co.*, 246 Minn. 279, 288, 74 N.W.2d 518, 526 (1956), the legislature has directed the Commissioner to consider "the degree of risk involved to [the employee's] health, safety, and morals, his physical fitness and prior training, his experience, his length of unemployment and prospects of securing local work in his customary occupation, and the distance of the available work from his residence." Minn.Stat. § 268.09, subd. 2(a) (1984).

The Commissioner's representative evaluated the suitability of Kuether's employment by comparing it to his responses in his application for temporary work. The representative also considered the employer's expectations, concluding that Personnel Pool "had every right to expect that the offered one-day assignment to unload trucks * * * would be suitable work * *."

Whether or not the parties believe the work is suitable is not determinative. *See*

*Speaks, Inc. v. Jensen,* 309 Minn. 48, 51, 243 N.W.2d 142, 145 (1976) (whether parties viewed their relationship as one of employer and employee was irrelevant; the nature of the relationship is determined by the consequences which the law attaches to their arrangements and conduct). The determination must be based on the statutory criteria.

The record establishes that, under the statutory test, the temporary work offered by Personnel Pool was not suitable for Kuether. Kuether had, in the recent past, been a full-time, permanent employee and was unaccustomed to general labor. He had only recently become unemployed and was interested in finding another permanent position. His prior training and experience and the short length of unemployment suggest that his prospects of securing work in his customary occupation have not diminished. Kuether had been earning $6 per hour at his most recent job, and prior to that he had earned between $5.80 and $7.20 per hour. The four-hour job offered by Personnel Pool paid only $3.75 per hour. A lower wage is a factor to consider in determining whether a job is suitable. *Hendrickson v. Northfield Cleaners,* 295 N.W.2d 384, 387 n. 3 (Minn. 1980).[1]

We believe that to deny Kuether unemployment compensation benefits under the present circumstances would, in effect, penalize him for doing temporary work while seeking full-time, permanent employment. If Kuether had not signed up for temporary work, he would be entitled to receive benefits. As the supreme court has noted, the legislature could not have intended such a counterproductive result. *See Smith v. Employers Overload Co.,* 314 N.W.2d 220, 223 (Minn.1981) (citing *Loftis v. Legionville School Safety Patrol Training Center, Inc.,* 297 N.W.2d 237, 239 n. 5 (Minn.1980)); *see also Henry v. Dolphin Temporary Help Services,* 386 N.W.2d 277 (Minn.Ct.App.1986).

---

1. The Commissioner's representative refused to consider this factor because it was not initially raised by Kuether. However, in *Henry v. Dolphin Temporary Help Services,* 386 N.W.2d 277

Because we reverse the Commissioner on the issue of suitability of employment, we need not address Kuether's additional claim that he had good cause to refuse Personnel Pool's offer of temporary employment.

### DECISION

Kuether's rejection of an offer of temporary employment did not disqualify him from receiving unemployment compensation benefits.

Reversed.

(Minn.Ct.App.1986), under similar circumstances we discussed a wage discrepancy issue, even though the employee had alleged that she refused temporary work for other reasons.