*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0606**

Melinda DeHoop,
Relator,

vs.

Minnesota Department of Public Safety,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed December 1, 2014
Affirmed
Ross, Judge**

Department of Employment and Economic Development
File No. 32109231-3

Melinda DeHoop, White Bear Lake, Minnesota (pro se relator)

Minnesota Department of Public Safety, St. Paul, Minnesota (respondent employer)

Lee B. Nelson, St. Paul, Minnesota (for respondent department)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Stoneburner, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**ROSS**, Judge

Melinda DeHoop quit her job at the department of public safety to interview for jobs in Hawaii, but she received no offers. DeHoop applied to the department of employment and economic development for unemployment benefits. The department refused to grant her benefits and an unemployment law judge found her ineligible because DeHoop quit her employment. Because DeHoop identifies no exception to the statutory voluntary-quit disqualification provision, we affirm.

## FACTS

The Minnesota Department of Public Safety employed Melinda DeHoop as a full-time payroll coordinator from March 2009 to August 2013. DeHoop began applying for work in Hawaii in late 2012. Receiving no offers, DeHoop took the advice of a "job hunter," who she says urged her to move to Hawaii and "guaranteed" DeHoop would be hired for one of the open positions she sought. DeHoop quit her Minnesota employment and moved to Hawaii. She participated in five interviews in Hawaii but never received a job offer. DeHoop moved back to Minnesota after several weeks, unemployed.

DeHoop applied to the department of employment and economic development for unemployment benefits. The department deemed her ineligible. An unemployment law judge (ULJ) found that DeHoop voluntarily quit her job and did not meet the requirements of any ineligibility exception listed under Minnesota Statutes section 268.095, subdivision 1 (2012). DeHoop appeals the ULJ's decision by certiorari.

DeHoop asks us to reverse the ULJ's decision that she is ineligible for unemployment benefits. We review a ULJ's decision to determine whether it includes a legal error or is unsupported by the record as a whole. Minn. Stat. § 268.105, subd. 7(d) (2012). The parties do not dispute the facts. The only issue is whether DeHoop's circumstances qualified her for unemployment benefits, which is a question of law that we review de novo. *See Grunow v. Walser Auto. Grp. LLC*, 779 N.W.2d 577, 579 (Minn. App. 2010).

An employee who voluntarily quits her job is not eligible for unemployment benefits unless her circumstances fall within one of ten statutory ineligibility exceptions. Minn. Stat. § 268.095, subd. 1. Under the only plausibly relevant exception, an applicant for benefits who quits employment is eligible for unemployment benefits only if

> the applicant quit the employment *to accept other covered employment* that provided substantially better terms and conditions of employment, but the applicant did not work long enough at the second employment to have sufficient subsequent earnings to satisfy the period of ineligibility that would otherwise be imposed . . . for quitting the first employment.

Minn. Stat. § 268.095, subd. 1(2) (emphasis added). DeHoop did not quit her job "*to accept* other . . . employment." Instead, she quit her job *to seek* other employment. The exception therefore does not apply. Our decision in *Hackenmiller v. Ye Olde Butcher Shoppe* confirms this plain-language conclusion. 415 N.W.2d 432 (Minn. App. 1987). In *Hackenmiller*, the applicant for unemployment benefits had quit her employment intending to accept a job offer for other employment. *Id.* at 433. But she never accepted

the offer. *Id.* We therefore held that she was ineligible for benefits. *Id.* at 434. Although the *Hackenmiller* court was applying an older version of the statute that provided an exception to disqualification if "[t]he individual voluntarily discontinued his employment to accept work offering substantially better conditions of work or substantially higher wages or both," *see* Minn. Stat. § 268.09, subd. 1(2)(a) (1984), the operable language is substantially the same as the statute we apply today.

We are not persuaded to reach a different conclusion by DeHoop's assertion that she quit her job in reliance on the job hunter's supposed "guarantee" that she would be offered one of the positions she sought. Nothing in the record suggests that the job hunter had any actual or apparent authority to bind any prospective employer or to offer DeHoop a job.

**Affirmed.**