*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1685**

Voeurn A. Sandberg,
Relator,

vs.

Zaws, Inc.,
Respondent,

Department of Employment & Economic Development,
Respondent.

**Filed March 30, 2015
Affirmed
Bjorkman, Judge**

Department of Employment and Economic Development
File No. 32724798-3

Voeurn A. Sandberg, Lakeville, Minnesota (pro se relator)

Zaws, Inc., Lakeville, Minnesota (respondent)

Lee B. Nelson, Minnesota Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Bjorkman, Presiding Judge; Hudson, Judge; and Reyes, Judge.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Relator challenges the unemployment-law judge's (ULJ) determination that she was ineligible during the period for which she sought benefits because she was not available for or actively seeking suitable employment. We affirm.

## FACTS

On June 18, 2014, relator Voeurn A. Sandberg was discharged from her position as a hair stylist for respondent Zaws, Inc. She subsequently applied for unemployment benefits. Respondent Minnesota Department of Employment and Economic Development (DEED) determined that she was ineligible for benefits because she was unable to work.[1]

Sandberg appealed. The ULJ conducted an evidentiary hearing. Sandberg testified that she is physically able to work but only willing to commute 15 miles because of childcare and school concerns. Sandberg lives in Lakeville, and stated that the cities within a 15-mile radius include Apple Valley, Burnsville, Eagan, Farmington, and Rosemount. The ULJ asked if she was willing to commute to Minneapolis, and she responded that she was not because of the distance. Minneapolis is approximately 25 miles from Lakeville.

The ULJ determined that Sandberg was ineligible for benefits between the time of her discharge and August 7, 2014, because she was not available for or actively seeking

---

[1] Sandberg has been diagnosed with several medical conditions. DEED initially determined that the medical conditions prevented her from working.

suitable employment. The ULJ found that Sandberg's unwillingness to commute more than 15 miles was "an unreasonable, self-imposed restriction" because suitable employment included employment beyond a 15-mile radius. Sandberg requested reconsideration, asserting that she is willing to work more than 15 miles from her home. The ULJ affirmed. Sandberg appeals by writ of certiorari.

## D E C I S I O N

We review a ULJ's decision to determine whether it is "(1) in violation of constitutional provisions; (2) in excess of the statutory authority or jurisdiction of the department; (3) made upon unlawful procedure; (4) affected by other error of law; (5) unsupported by substantial evidence in view of the entire record as submitted; or (6) arbitrary or capricious." Minn. Stat. § 268.105, subd. 7(d) (2014). We review factual findings in the light most favorable to the ULJ's decision and will not disturb them if they are substantially supported by the evidence. *Skarhus v. Davanni's Inc.*, 721 N.W.2d 340, 344 (Minn. App. 2006). But we review issues of statutory interpretation de novo. *Halvorson v. Cnty. of Anoka*, 780 N.W.2d 385, 389 (Minn. App. 2010).

To receive unemployment benefits for a particular week, an applicant must be "available for suitable employment," which means being "ready, willing, and able to accept suitable employment." Minn. Stat. § 268.085, subds. 1(4), 15(a) (2014). Suitable employment is defined as "employment in the applicant's labor market area that is reasonably related to the applicant's qualifications." Minn. Stat. § 268.035, subd. 23a(a) (2014). "An applicant may restrict availability to suitable employment, but there must be no other restrictions, either self-imposed or created by circumstances . . . that prevent

3

accepting suitable employment." Minn. Stat. § 268.085, subd. 15(a). Whether an applicant is available for suitable employment is a question of fact. *Goodman v. Minn. Dep't of Emp't Servs.*, 312 Minn. 551, 553, 255 N.W.2d 222, 223 (1977).

Sandberg does not challenge the ULJ's finding that she was only willing to work within 15 miles of her home. Indeed, her argument is premised on her posthearing expressed willingness to work beyond a 15-mile radius. But our review is limited to the record before the ULJ. *See Icenhower v. Total Auto., Inc.*, 845 N.W.2d 849, 857 (Minn. App. 2014), *review denied* (Minn. July 15, 2014). And that record shows that Sandberg restricted her labor market area to within 15 miles of Lakeville. The ULJ's determinations that this self-imposed restriction is unreasonable and that suitable employment includes work throughout the Twin Cities metropolitan area are consistent with past decisions of this court. *See Work Connection, Inc. v. Bui*, 749 N.W.2d 63, 72 (Minn. App. 2008) (stating the Twin Cities metropolitan area was an appropriate labor market area for an unskilled laborer who lived in the metro), *review granted* (Minn. June 18, 2008) *and appeal dismissed* (Minn. July 6, 2009); *Preiss v. Comm'r of Econ. Sec.*, 347 N.W.2d 74, 76 (Minn. App. 1984) ("A drive of 22 miles does not render an available position unsuitable.").

On this record, we conclude that Sandberg's unwillingness to look for or accept work outside of the 15-mile radius is a self-imposed restriction that prevented her from accepting suitable employment. Such a restriction is explicitly prohibited by statute, and

4

renders her ineligible for benefits during the relevant time period.  Minn. Stat. § 268.085, subd. 15(a).[2]

**Affirmed.**

---

[2] Because the ULJ's determination that Sandberg was not available for suitable employment independently supports the ineligibility determination, we do not need to address the ULJ's finding that Sandberg was not actively seeking suitable employment.